**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| ANGELO B. PERRY, | * | |
| Petitioner, | * | |
| | | CASE NO. 1:05-CV-35 WLS |
| VS. | * | Rule 60(b) Motion |
| | | CASE NO. 1:92-CR-1 DF |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Perry entered into a Plea Agreement with the Government and pled guilty on June 7, 1993 (R-72, 73) to one of two counts of felony drug offenses in a Superseding Indictment returned in this court on May 28, 1992 (R-11). The court sentenced him to a term of 163 months imprisonment on November 23, 1993. (R-86). Petitioner did not appeal his conviction or sentence, but filed his first § 2255 Motion to Vacate, Set Aside, or Correct Sentence on April 3, 1995 (R-99). That Motion was denied by the district court on May 4, 1995 (R-109), and Perry appealed that decision to the Eleventh Circuit Court of Appeals which affirmed the district court on May 16, 1997 (R- 143). Perry filed a second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on June 26, 1997, (R-144), which was barred by the AEDPA statute of limitations. The district court dismissed that motion (R-146), and Petitioner Perry appealed the district court's dismissal (R-148). In the interim, Perry filed a Motion to Dismiss the Federal Indictment (R-160), which the district court construed as another § 2255 Motion and dismissed that motion as unauthorized by the Eleventh Circuit Court of Appeals pursuant to § 2255. Petitioner filed a Motion for

Reconsideration of the district court's order (R-167) which was denied (R-174).  Petitioner Perry moved again to dismiss the Indictment for Lack of Subject Matter Jurisdiction (R-178) on May 21, 1999, and the district court denied that motion (R-183).  The record reflects that Petitioner Perry sought a *writ of mandamus* from the Eleventh Circuit Court of Appeals which was denied on September 20, 1999 (R-187).  On January 25, 2000, Petitioner Perry filed his fourth collateral attack on his sentence in the form of a Motion for Writ of Error Coram Nobis (R-189).  The district court construed that Motion as an unauthorized successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 and dismissed the same on April 4, 2000 (R-199).  On April 20, 2000, Petitioner Perry filed still another collateral attack on his sentence as a Motion for *Writ of Habeas Corpus* (R-203).  On May 10, 2000, the Eleventh Circuit Court of Appeals denied the first application filed by Petitioner Perry for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence (R-208).  The district court, thereupon, construed Petitioner's R-203 Motion as an unauthorized successive § 2255 Motion and dismissed the same on July 11, 2000 (R-214).

Petitioner Perry filed his next § 2255 Motion on August 8, 2001 (R-217).  ***The district court ordered him not to file any further petitions without first obtaining the authorization of the Eleventh Circuit Court of Appeals*** (R-218) and dismissed this Motion (R-219).  Petitioner applied again to the Eleventh Circuit Court of Appeals for authorization to file a successive § 2255 Motion and the Circuit Court denied that application on April 11, 2002 (R-221).

Petitioner Perry petitioned the district court on August 12, 2002, for Leave to File an Initial Motion to Vacate his Sentence (R- 223), which the district court denied as another unauthorized § 2255 Motion on October 18, 2002 (R-228). On November 21, 2002, the Eleventh Circuit Court of Appeals issued its third denial of an Application for Leave to File a Second or Successive Motion to Vacate as requested by Petitioner Perry (R-233, 234).

Petitioner Perry filed, on January 20, 2004, a Motion for Relief from Judgment (R-242), which was construed as yet another § 2255 Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and dismissed on March 23, 2004 (R-244). Petitioner Perry filed Motion for Reconsideration on April 1, 2004 (R-245) and on April 2, 2004, Motion to Dismiss Indictment (R-246). Both Motions were dismissed as without merit by the court on April 9, 2004 (R-247,248).

On May 17, 2004, The Eleventh Circuit Court of Appeals dismissed yet another Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (R-252).

Petitioner Perry filed in this court on December 1, 2004, Motion for Relief from the Judgment on his first § 2255 Motion to Vacate, Set Aside, or Correct Sentence (R-255). The Eleventh Circuit Court of Appeals denied Petitioner Perry's sixth Application For Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 on January 10, 2005 (R-260). Nonetheless, Petitioner continued to make applications to the Eleventh Circuit Court of Appeals to file successive petitions and the Circuit Court issued its last denial of his application on February 3, 2005 (R-267).

On February 4, 2005, Petitioner Perry filed in this court a Motion To Amend (R-265) his § 2255 Motion To Vacate which was filed without authorization from the Eleventh Circuit Court of Appeals. That Motion was denied on March 28, 2005 (R-277). Perry sought a Certificate of Appealability which was denied in both the district court and the Eleventh Circuit Court of Appeals on July 13, 2005 and October 6, 2005, respectively (R-284 and 287).

On March 8, 2006, Perry filed in this court his MOTION FOR RELIEF FROM JUDGMENT pursuant to Federal Rule of Civil Procedure 60(b)(4) and 81(a)(2). In his Opposition To The Government's Pleading (R-298) to his motion at page 6, he asserts:

> In this case, Mr. Perry is attempting to attack the exercise of unlawful authority and a void judgment . . . he was not formally arraigned on the Count Two indictment to which he pled guilty and that he did not waive formal arraignment; and that the Government misinformed him and his attorney as to the "true nature" of its case, rendering the ultimate judgment void on the grounds that the District Court did not have authority to render judgment . . . and thereby did not have in personam jurisdiction over him.

In *Gonzalez v. Crosby,* --- U.S. ---, 125 S.Ct. 2641 (2005), the United States Supreme Court ruled that pleadings labeled as Rule 60(b) motions that are in substance successive habeas petitions "should be treated accordingly," and that using Rule 60(b) to present new claims for relief from judgment circumvents statutory requirements "that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.,* at 2647.

The *Gonzalez* Court held that if a Rule 60(b) motion contains one or more "claims," the motion is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to AEDPA's restrictions on successive habeas petitions would be "inconsistent with" the statute. A Rule 60(b) motion can be said to bring a "claim" if it seeks to add a new ground for relief from the defendant's conviction or attacks the federal court's previous resolution of a claim on the merits. Inasmuch as his Rule 60(b) motion continues to raise substantive claims, it is unauthorized and subject to dismissal as a second and successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. Petitioner Perry must obtain authorization from the Eleventh Circuit Court of Appeals for this court to exercise jurisdiction over a second or successive motion." *In re Joshua,* 224 F.3d 1281, (11th Cir. 2000).

The second and belated prong of Perry's most recent collateral attack on his sentence is via Rule 81(a)(2), Federal Rules of Civil Procedure, which provides:

> These rules are applicable to proceedings for admission to citizenship, habeas corpus, and quo warranto, to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings, and has heretofore conformed to the practice in civil actions.

Petitioner Perry cannot label his Motion For Relief From (his criminal) Judgment as a proceeding in Quo Warranto, because the proceedings for relief from federal criminal judgments *are* set forth in the Rules Governing Section 2255 Proceedings in the United States District Courts.

Petitioner Perry's incessant and continued attempts at litigating his 13-year old sentence in this criminal case are unauthorized, frivolous, malicious, and abusive.

WHEREFORE, IT IS RECOMMENDED for all of the reasons discussed above that Petitioner's Motion For Relief From Judgment be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 1st day of August 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE