IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ANGELO PERRY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| | : | |
| v. | : | CASE NO.: 1:92-CR-1 (WLS) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

# ORDER

Before the Court is Petitioner Angelo Perry's March 21, 2016 Petition for a Writ of Error *Coram Nobis*. (Doc. 410.) This is Perry's seventh Petition for a Writ of Error *Coram Nobis*. (Docs. 410, 407, 397, 392, 376, 355, 189.) Each of Perry's previous petitions have been denied. (Docs. 409, 399, 394, 381, 371, 199.) On March 25, 2016, the Court ordered the Government to file a response to Perry's Petition. (*See* Docket.) The Government filed its response on May 5, 2016, and Perry filed his reply on May 16, 2016. (Docs. 413, 414.) The Court finds that the Petition is now ripe for review.

## PROCEDURAL BACKGROUND

Since his July 7, 1993 guilty plea to one count of possession with intent to distribute cocaine, Perry has tirelessly and frivolously attempted to vacate his conviction. Perry did not file a direct appeal of his conviction, but on April 3, 1995, he filed a Motion to Vacate under 28 U.S.C. § 2255, wherein he alleged that his guilty plea was unknowing and involuntary, in part because prosecutors allegedly obtained evidence and a confession through unconstitutional means. (Doc. 99.) The Court denied that motion on May 4, 1995. (Doc. 109.) Perry appealed that decision, and it was affirmed by the Eleventh Circuit. (Docs. 110, 143.)

After the Eleventh Circuit affirmed the Court's judgment, Perry then filed a second Motion to Vacate under 28 U.S.C. § 2255 on June 26, 1997. (Doc. 144.) That motion was

1

dismissed as successive. (Docs. 144, 155.) Perry appealed that judgment, and the Eleventh Circuit denied him a certificate of appealability. (Docs. 148, 159.)

During the pendency of that appeal, Perry filed a third Motion to Vacate, which he styled as a Motion to Dismiss State-Federal Indictment. (Doc. 160.) The Court dismissed that motion (Doc. 163), and Perry filed a Motion for Reconsideration (Doc. 167). That motion was denied (Doc. 174), and Perry then filed a Motion to Produce Statement of Reasons on the denial of his motion to dismiss (Doc. 177). Perry moved again to dismiss the indictment for lack of subject matter jurisdiction (Doc. 178); the Court denied that motion (Doc. 183.) He again moved for a Statement of Reasons on the denial. (Doc. 184.) On September 20, 1999, the Eleventh Circuit denied Perry's Petition for a Writ of Mandamus. (Doc. 187.)

On January 25, 2000, Perry filed a Writ of Error *Coram Nobis*, in which he raised claims under the Due Process Clause, the Sixth Amendment, the Fourth Amendment, the Tenth Amendment, and the Federal Rules of Criminal Procedure. (Doc. 189.) The Court denied the motion on April 4, 2000. (Docs. 199, 200.) Perry filed a Motion for Reconsideration of that order. (Doc. 202.) Several days later, he filed another Motion to Vacate under 28 U.S.C. § 2255. (Doc. 203.) Before the Court ruled on that motion, he filed a Motion to Dismiss Indictment. (Doc. 212.) The Court denied his motion to vacate on July 11, 2000 (Doc. 214), and his Motion to Dismiss Indictment on August 28, 2000 (Doc. 216).

On August 8, 2001, Perry filed another Motion to Vacate under 28 U.S.C. § 2255. (Doc. 217.) The Court denied that motion on August 23, 2001, and explicitly warned Perry that he could no longer file motions to vacate without leave of the Eleventh Circuit. (Doc. 218.) The Eleventh Circuit denied another mandamus petition on May 31, 2001. (Doc. 222.) After that, Perry moved for leave to file another motion to vacate. (Doc. 223.) This was denied. (Doc. 217.) The Eleventh Circuit again denied applications for leave to file successive motions on November 21, 2002 and January 29, 2003. (Docs. 233, 234.)

In October 2003, Perry filed a Motion for Relief from Judgment. (Doc. 239.) He then filed a Motion for Summary Judgment in March 2004. (Doc. 243.) After the Court denied his Motion for Relief from Judgment, he filed a Motion for Reconsideration. (Doc. 245.) He then filed a Motion to Dismiss Indictment on April 2, 2004. (Doc. 246.) After those motions were denied, he once again moved to dismiss his indictment. (Doc. 249.)

On December 1, 2004, Perry filed a Motion for Relief from Judgment. (Doc. 255.) This motion was denied on March 28, 2005. (Doc. 277.) Perry appealed that order on June 6, 2005. (Doc. 279.) On March 8, 2006, he filed another Motion to Set Aside Judgment. (Doc. 289.) This motion was also denied. (Doc. 301.) Perry was released from the custody of the Bureau of Prisons sometime in March 2006. His supervised release terminated sometime in 2011.

On September 26, 2011, Perry filed a Petition for Writ of Error *Coram Nobis*. (Doc. 355.) Therein, Perry challenged "errors of fact" in his conviction. (*Id.*) He claimed that these "errors" arose from the fact that the prosecution misled the Court into believing that DEA agents seized evidence that implicated Perry, when in reality the Dougherty County police arrested him. (*Id.*) Perry argued that the Government "unlawfully removed" evidence from the state's jurisdiction, and that, therefore, the Court did not have personal and subject-matter jurisdiction over his case. (*Id.*) The Court dismissed the petition on April 11, 2012.

On April 25, 2012, Perry appealed that Order to the Eleventh Circuit. (Doc. 372.) That appeal was dismissed. (Docs. 382, 383.) While the appeal was pending, Perry filed another Petition for a Writ of Error *Coram Nobis* on July 26, 2012. (Doc. 376.) He argued, again, that the Court lacked personal and subject-matter jurisdiction over his case because the Government misled him and the Court by concealing the "true nature" of his arrest. (*Id.*) Had the Government provided the truth, he alleges, his attorney could have moved to suppress the evidence and would have advised him not to plead guilty. (*Id.*) The Court denied that Petition as well. (Doc. 381.)

On December 10, 2012, the Court held a show cause hearing to address whether Perry should be sanctioned as an abusive, vexatious litigant. (Doc. 381 at 5-7.) The Court declined to sanction Perry and explained to him at the hearing that he could only file successive 28 U.S.C. § 2255 petitions with permission from the Eleventh Circuit Court of Appeals. (*See* Doc. 385.) During the hearing, the Court explained that a writ of error *coram nobis* was not an available remedy because Perry had another avenue for relief during his incarceration –filing a 28 U.S.C. § 2255 petition. Subsequently, Perry filed three more Petitions for a Writ of Error *Coram Nobis*. (Docs. 392, 397, 407.) The Court denied all three for the reasons stated in its October 16, 2013 Order. (Docs. 394, 399, 409.) Perry appealed one of those denials (Docs. 399, 400), and the Eleventh Circuit dismissed the appeal for

3

want of prosecution due to Perry's failure to pay the filing fee. (Doc. 406.) Perry filed his presently pending Petition on March 21, 2016. (Doc. 410.)

## DISCUSSION

Perry's presently pending Petition seeks to "vacate the underlying judgment of conviction entered pursuant to manifest injustice." (Doc. 410 at 1.) Perry argues his guilty plea is invalid because he understood at the time of his change of plea hearing that his guilty plea was based on the facts alleged in the Indictment rather than the Superseding Indictment and that the Government misrepresented at the change of plea hearing that Perry's plea was based on the facts alleged in the Indictment rather than the facts alleged in the Superseding Indictment. (*Id.* at 1 -2.) Perry asserts that he does not now have access to relief through 28 U.S.C. § 2255 because he is no longer in custody. (Doc. 410 at 1.)

The writ of error *coram nobis* is an extraordinary remedy and "is appropriate only when there is and was no other available ground for relief" or when "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (per curiam). "A writ of error *coram nobis* is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (2002) (per curiam). Such relief is available because the collateral results of conviction, particularly a felony conviction, persist after a sentence is served. *United States v. Morgan*, 346 U.S. 502, 512-13 (1954). "[A] district court may consider *coram nobis* petitions only where the petitioner presents sound reasons for failing to seek relief earlier." *Jackson v United States*, 375 F. App'x 958, 960-61 (11th Cir. 2010) (citing *Morgan*, 346 U.S. at 512).

A writ of error *coram nobis* is unavailable to Perry because he had other avenues for relief available to him—a direct appeal and a motion to vacate under 28 U.S.C. § 2255. Perry did not file a direct appeal and has provided no explanation for why. However, Perry, unlike the petitioner in *United States v. Peter*, took full advantage of § 2255's mechanism for seeking collateral relief while incarcerated. (*See, e.g.*, Docs. 143 (affirming this Court's denial of Perry's first § 2255 motion to vacate); 301 (denying Perry's second § 2255 petition at successive and untimely).) 310 F.3d at 711. Indeed, the knowing and voluntary nature of

4

Perry's plea was considered by this Court and the Eleventh Circuit Court of Appeals upon review of Perry's first § 2255 petition. (Docs. 108; 143.)

Additionally, in *Peter*, the Supreme Court decision under which the petitioner was afforded relief was not issued until after the petitioner completed his term of supervised release. Here, Perry's arguments that his guilty plea was not knowing and voluntary and was not based on an adequate factual basis are grounded in legal precedent that existed at the time of his § 2255 filings. *See Brady v. United States*, 397 U.S. 742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.").

Perry has asserted no reason why he was not able to raise the specific arguments made in his presently pending Petition in a direct appeal or one of his § 2255 petitions, to the extent those arguments were not previously asserted. The Court therefore finds that a Writ of Error *Coram Nobus* is not warranted because Perry had other avenues for relief available to him during his incarceration, some of which he took advantage of to no avail, and because Perry has provided no explanation for why he did not assert on direct appeal or in a § 2255 petition any new arguments he now raises.

Additionally, the Court finds no merit to Perry's presently pending arguments. In the Court's first words during Perry's change of plea hearing, the Court informed Perry that he was charged in two counts of a Superseding Indictment. (Doc. 95 at 2.) The Court informed Perry of the charge in Count Two of the Superseding Indictment, to which he pleaded guilty. (*Id.*) During the change of plea hearing, the Government recited the factual basis for the charge and plea. (*Id.* at 4.) Those facts aligned with the facts alleged in Count Two of the Superseding Indictment. (Doc. 11 at 2.) Perry stated to the Court that he had not been mistreated, threatened, or pressured into pleading guilty. (Doc. 95 at 7.) And Perry's counsel informed the Court they had discussed the plea and plea agreement together at length. (*Id.* at 9.) Perry's assertions that the Government "concealed" the Superseding Indictment and somehow misled Perry and the Court regarding the basis for Perry's guilty plea are baseless. The plea transcript makes clear that Perry knowingly and voluntarily pleaded guilty to Count Two of the Superseding Indictment as supported by the facts stated on the record by the Government.

The Court therefore finds that Perry's presently pending Petition for a Writ of Error *Coram Nobis* should not be granted because Perry previously had avenues for relief available to him, some of which he took advantage of to no avail, and because Perry has failed to assert why he did not previously raise any newly raised arguments. The Court also finds that Perry's Petition is meritless. For those reasons, Perry's Petition for a Writ of Error *Coram Nobis* (Doc. 410) is **DENIED**.

The Court again notes the number of motions and petitions seeking collateral relief Perry has filed to date and reminds Perry of the Court's inherent authority to limit Perry's ability to make further filings in this case, impose sanctions against abusive and vexatious litigants, and hold those who willfully violate Court orders in contempt of court. 18 U.S.C. §§ 401, 402; *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose reasonable and appropriate sanctions." (internal quotation marks omitted)); *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) (holding that courts have a "responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others"). The Court notes that Perry has been released from the custody of the Bureau of Prisons for approximately ten years. Based on Perry's successful completion of his period of supervised release and apparent success in avoiding further incarceration, the Court infers that Perry has undergone at least some amount of rehabilitation, which is one of the goals of federal imprisonment. While the Court is aware of the collateral effects of a felony conviction, the Court's hope is that Perry is able to capitalize on his successful rehabilitation by focusing on productive, meaningful endeavors rather than continuing to file repetitive, redundant petitions, which could ultimately result in the Court's imposing limitations and/or sanctions on Perry. Perry is so **NOTICED**.

**SO ORDERED**, this 19th day of May, 2016.

                                       /s/ W. Louis Sands
                                       **W. LOUIS SANDS, SR. JUDGE**
                                       **UNITED STATES DISTRICT COURT**