**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

UNITED STATES OF AMERICA,　　　　:
　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　　CASE NO.: 1:92-CR-01 (WLS)
ANGELO PERRY,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　Defendant.　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:

## ORDER

Before the Court are several pending motions filed by Defendant Angelo Perry, including a Motion to Quash or Dismiss Indictment (Doc. 436), Motion for Default Judgment (Doc. 441), Motion for Enlargement of Time (Doc. 446), Motion to Amend and Supplement Motion to Quash Indictment (Doc. 448), and a second Motion to Dismiss Indictment (Doc. 449). For the reasons discussed below, each of Defendant's Motions are **DENIED**.

## I.　BACKGROUND

Perry was charged in a two-count indictment with conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine on January 17, 1992. (Doc. 1). Perry, with the assistance of counsel, pleaded guilty to one count of possession with intent to distribute cocaine. (Docs. 72 & 73). On November 8, 1993, this Court sentenced Perry to 163 months' imprisonment to be followed by five years of supervised release. (Doc. 86). On April 3, 1995, Perry moved to vacate his conviction pursuant to 28 U.S.C. § 2255. (Doc. 99). The Court denied Perry's motion to vacate. (Docs. 108 & 109). As a result, Perry filed a notice of appeal, and the Eleventh Circuit Court of Appeals affirmed the Court's denial of Perry's motion to vacate. (Docs. 110 & 143).

Since that time, and over a period of more than three decades, Perry has continuously filed numerous motions attempting to collaterally attack his conviction, all of which have been denied. At one point, Perry's filings were characterized as "unauthorized, frivolous, malicious, and abusive." (Doc. 299 at 6). Indeed, in 2001, this Court ordered Perry to "not file any further petitions concerning Criminal Case No. 1:92-CR-1-1(DF), without first obtaining authorization from the Eleventh Circuit Court of Appeals." (Doc. 218 at 2). Yet Perry has

1

continued filing motions, the latest of which was filed on December 5, 2025. (*See* Doc. 449). The Court addresses Perry's motions in turn.

## II.   PENDING MOTIONS

### A.  Motion to Quash or Dismiss Indictment

Perry moves the Court, yet again, to quash or dismiss the original indictment in this case because he believes his case was removed from Dougherty County Superior Court to this Court "without authority or justification and in violation of 21 U.S.C. § 903." (Doc. 436 at 5). Perry's Motion was filed on October 21, 2024. (Doc. 436). The Government filed a response (Doc. 439) on November 15, 2024. The Court construes the motion as a motion to vacate his conviction under 28 U.S.C. § 2255. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005). His Motion is due to be denied for several reasons.

First, Perry's Motion is moot. Relief under § 2255 is available for "[a] prisoner in custody under sentence of a court . . . ." 28 U.S.C. § 2255(a). Perry is no longer a prisoner under a sentence of the Court and has not been since at least 2006.[1]

Second, Perry's Motion is untimely. Under § 2255(f)(1), movants have a one-year time period from the date on which the judgment of conviction becomes final to file a motion under § 2255. "For someone who, like [Perry], does not petition [the Supreme] Court for certiorari, a judgment becomes final when the time to seek certiorari expires—ordinarily, 90 days after judgment." *Kemp v. United States*, 596 U.S. 528, 531 (2022). Perry was sentenced on November 8, 1993, and a judgment was entered on November 23, 1993. (Docs. 84, 86). Thus, Perry's conviction became final on Monday, February 21, 1994. The instant Motion, construed as one under § 2255, is therefore untimely.

Perry's Motion is also untimely as alleged. "Generally, a motion alleging a defect in an indictment must be raised before trial[.]" *United States v. Clarke*, 150 F. App'x 969, 970 (11th Cir. 2005). However, under Federal Rule of Criminal Procedure 12(b)(2), "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." Perry's case has not been "pending" for quite some time. Indeed, Perry was indicted on January 17, 1992, pleaded guilty on June 7, 1993, and was sentenced on November 8, 1993. (Docs. 1, 72, 73, 84

---

[1] As of March 2006, Perry was no longer in the custody of the Federal Bureau of Prisons. (Doc. 439 at 3, n.1). His term of supervised release of five years would therefore have ended, at the latest, in 2011.

& 86). This Court denied his first motion to vacate his sentence under § 2255 on March 3, 1995, (Docs. 108 & 109), and the Eleventh Circuit affirmed the Court's denial of that motion on May 16, 1997. (Doc. 143). Thus, Perry's Motion is untimely by nearly thirty years. *See Clark*, 150 F. App'x at 970 (holding that district court properly denied Rule 12(b) motion where defendant had "pled guilty and been sentenced—and the period to appeal the conviction and/or sentence had long since passed"); *United States v. Wellons*, 289 F. App'x 383, 384 (11th Cir. 2008) (holding that district court properly denied Rule 12(b) motion filed seven years after his convictions were affirmed and five years after denial of his § 2255 motion was affirmed); *United States v. Felder*, 220 F. App'x 951, 952 (11th Cir. 2007) (holding that district court properly denied defendant's Rule 12(b) motion made fourteen years after his convictions were affirmed, and thirteen years after the Supreme Court denied certiorari review).

Third, Perry's Motion, construed as a § 2255 motion, is unauthorized. "The [Antiterrorism and Effective Death Penalty Act] provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(A)). Without such authorization, district courts lack jurisdiction to consider a second or successive petition. *Id.* (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997)). Because Perry did not seek authorization from the Circuit Court, the Court is without jurisdiction to consider his Motion.

Further, and as stated above, Perry was ordered by the Court not to file any further petitions concerning the above-captioned case "without first obtaining authorization from the Eleventh Circuit Court of Appeals." (Doc. 218 at 2). As the Government notes in its response, Perry has been reminded of this order on several occasions. (Doc. 439 at 6) (citing Docs. 301, 371, & 381). Again, Perry's Motion does not allege he received authorization from the Circuit Court to make this submission.

Finally, Perry's Motion is meritless. Perry's only contention is that his federal prosecution was illegally removed from Dougherty County Superior Court to this Court. (Doc. 436 at 5–6). This is the same argument Perry has advanced in various motions over the last thirty years. (Docs. 160, 178). In response, the Government explains, as it has in response to Perry's past motions, that "Perry and his co-defendants were the subjects of a joint

3

investigation by the Drug Enforcement Administration and the Albany/Dougherty Drug Unit. This investigation directly led to his indictment in federal court." (Doc. 439 at 7) (citing Doc. 179 at 1–2). And that "[f]acts regarding Perry's commission of a federal crime were presented to a Grand Jury which chose to return a true bill of indictment." (*Id.*) Thus, the Court had jurisdiction over Perry's case, and his argument is without merit.

For these reasons, the Court finds that Perry's Motion is moot, untimely, unauthorized, and meritless. Thus, the Motion to Quash or Dismiss Indictment (Doc. 436) is **DENIED**. Perry also moves for an extension of time to file transcripts as evidence related to the Motion and to amend and supplement his Motion with additional argument. Having denied the Motion to Quash or Dismiss on the numerous grounds stated above, Perry's Motion for Enlargement of Time (Doc. 446) and Motion to Amend and Supplement Motion to Quash Indictment (Doc. 448) are **DENIED**, as moot.

### B.  Second Motion to Dismiss Indictment

Additionally, Perry filed another Motion to Dismiss Indictment (Doc. 449) on December 5, 2025. Therein, he moves to dismiss the indictment in this case, again arguing that his case was removed to Federal Court "without legal authority or a legitimate basis" because his original arrest in 1991 was illegal. (Doc. 449 at 2). As the Court previously discussed and for the same reasons, Perry's Motion is moot, untimely, unauthorized, and meritless. Accordingly, this second Motion to Dismiss Indictment (Doc. 449) is **DENIED**.

### C.  Motion for Default Judgment

Perry moves for default judgment on his first Motion to Quash or Dismiss Indictment (Doc. 436) on the sole basis that the Government did not file its response within the time period ordered by the Court. (Doc. 441). Indeed, the Court issued an Order (Doc. 438) on October 28, 2024, instructing the Government to respond to Perry's motion by November 18, 2024. The Government timely filed its response (Doc. 439) on November 15, 2024. Thus, on the grounds asserted, Perry's Motion for Default Judgment (Doc. 441) is **DENIED**.

## III.    GOVERNMENT'S REQUEST FOR SANCTIONS

The Government, in its response to the Motion to Quash or Dismiss Indictment, moves the Court for sanctions against Perry. (Doc. 439 at 9). The Government argues that Perry's repeated unauthorized filings attempting to relitigate the same arguments he has made

4

for decades constitute a habitual disregard for and direct violation of the Court's previous orders. (*Id.* at 8–9). The Government requests that the Court institute contempt proceedings, including the issuance of Citation(s) to Show Cause and the scheduling of an evidentiary hearing. (*Id.* at 9).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (citation omitted). "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* "Further, the inherent authority of a district court includes the power to protect itself against abuses by pro se litigants." *Thomas v. Christina*, No. 22-CIV-20498, 2022 WL 1100851, at *3 (S.D. Fla. Apr. 13, 2022) (citing *Procup*, 792 F.2d at 1073–74). A vexatious litigant is a party "who ha[s] repeatedly abused the judicial process through a series of actions brought in state and federal courts . . . to relitigate . . . issues, which were decided adversely to him[.]" *In re Farris*, 330 F. App'x 833, 835 (11th Cir. 2009) (quotations omitted).

"The right of access to the courts 'is neither absolute nor unconditional.'" *Miller v. Donald,* 541 F.3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991)). "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons. Frivolous and vexatious [filings] threaten the availability of a well-functioning judiciary to all litigants." *Id.* In devising a method of curtailing the actions of an abusive or vexatious litigant, the Court is obligated to "carefully observe the fine line between legitimate restraints and an impermissible restriction on a [litigant's] constitutional right of access to the courts." *Procup*, 792 F.2d at 1072. "Indeed, as long as some access to the courts is allowed, federal courts have considerable discretion to restrict filings of litigants who continuously bring frivolous suits that abuse the judicial process." *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1317–18 (11th Cir. 2021) (quotation omitted). "Prefiling orders are a common way to restrict such filings while still allowing access to the courts[.]" *Id.* at 1318.

To impose a prefiling injunction on a vexatious litigant, the "traditional standards applicable to issuance of an injunction do not apply." *Lustig v. Stone*, No. 15-CV-20150, 2020

WL 3469719, at *10 (S.D. Fla. June 25, 2020). "Instead, a history of litigation entailing vexation, harassment and needless burden on the courts and their supporting personnel is enough." *Id.* When deciding whether a litigant's conduct fits that description, courts in this Circuit have considered the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, [and] (5) whether other sanctions would be adequate to protect the courts and other parties.

*Freites C. v. Medina*, No. 25-CV-20465, 2025 WL 4035364, at *15 (S.D. Fla. Dec. 24, 2025), *report and recommendation adopted sub nom. Freites v. Medina*, No. 25-CV-20465, 2026 WL 92829 (S.D. Fla. Jan. 13, 2026) (quotation omitted). Courts have also routinely "restrict[ed] a vexatious litigant from filing anything without prior approval from the Court." *Id.*

The Court concludes that Perry's conduct meets this threshold. Perry's history of post-conviction filings is extensive. The Docket in this case speaks for itself, and the Court does not recite the extent of Perry's filings in detail here. The Court notes, however, that in the twenty-five years since the Court first instructed Perry not to file any further petitions without authorization from the Circuit Court, Perry has filed sixty-seven entries, including the instant motions, without authorization and in direct violation of the Court's Order (Doc. 218). In 2012, the Court stated that Perry "has proven to himself to be an abusive, vexatious litigant." (Doc. 381). The Court held a show cause hearing on December 10, 2012, which did not curtail Perry's filings. Then, in 2016, the Court warned Perry yet again that he could face sanctions if he continued to make frivolous arguments and put him on notice of the Court's inherent authority to limit his ability to make future filings as well as its ability to hold those who willfully violate Court orders in contempt of court. (Doc. 415). Despite the Court's many warnings, Perry continues to file frivolous motions making the same arguments the Court has previously considered and rejected. As such, the Court finds that sanctions, in the form of a prefiling injunction, are appropriate here.

Accordingly, Perry is **ENJOINED** from filing any future documents in this case (1:92-CR-01), including letters or motions, without first requesting and obtaining leave of the Court.

The Court has on numerous occasions carefully and fully considered and rejected Perry's arguments raised in the instant motions. Perry is **NOTICED** that any attempt to raise such arguments, or any other arguments related to the inception or prosecution of his case, will constitute a direct violation of this Order, and Perry will be subject to contempt proceedings.

## CONCLUSION

In sum, the Motion to Quash or Dismiss Indictment (Doc. 436), Motion for Default Judgment (Doc. 441), and second Motion to Dismiss Indictment (Doc. 449) are **DENIED**. The Motion for Enlargement of Time (Doc. 446) and Motion to Amend and Supplement Motion to Quash Indictment (Doc. 448) are **DENIED**, as moot.

The Government's request for sanctions is **GRANTED** in part and **DENIED** in part. Perry is **ENJOINED** from filing any future documents in this case (1:92-CR-01), including letters or motions, without first requesting and obtaining leave of the Court. The Government's request for an evidentiary hearing is **DENIED**, without prejudice.

**SO ORDERED**, this 20th day of March 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**