**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

UNITED STATES OF AMERICA,    :

                                  :

v.                                     :

                                  :       CASE NO.: 1:92-CR-01 (WLS)

ANGELO PERRY,              :

                                  :

       Defendant.          :

                                  :

## <u>ORDER</u>

On April 20, 2026, the Court received a letter from Defendant Angelo Perry addressed to the office of the Clerk. (Doc. 464). Therein, Perry requests that the Clerk file a copy of a newspaper article, attached to the letter, on the Record and forward the same to the Court of Appeals for the Eleventh Circuit. The Court construes Perry's letter as a motion to supplement the record on appeal.

A record on appeal consists of "the original papers and exhibits filed in the district court," including proceeding transcripts and a certified copy of the docket entries as prepared by the district clerk. Fed. R. App. P. 10(a). Under the Federal Rules of Appellate Procedure, material omissions or misstatements in the record on appeal may be corrected and a supplemented record forwarded to the court of appeals by the district court before or after the record has been forwarded. Fed. R. App. P. 10(e). "When analyzing a motion under Rule 10(e), district courts must keep in mind that 'Rule 10(e) exists to allow the district court to conform the record to what happened, not to what did not.'" *Lester v. Portfolio Recovery Ass'n, LLC*, 324 F. Supp. 3d 1227, 1232 (N.D. Ala., 2018)(quoting *United States v. Smith*, 493 F.2d 906, 907 (5th Cir. 1974)). Rule 10(e) does not allow the district court to add to the record as a means to present matter that was not relevant or not addressed in the course of proceedings. *Id.* In short, Rule 10(e) should not be used as a mechanism to allow the introduction of new evidence to the record for appellate review. S*ee United States v. Smith*, 493 F.2d 906, 907 (5th Cir. 1974)2; *see also Weathersby v. One Source Mfg. Tech., LLC*, 378 F. App'x 463, 466 (5th Cir. 2010) (noting that *United States v. Smith* held that Rule 10(e) ensures that the record before an

appellate court accurately reflects what was before the district court and is not designed to introduce new evidence that was never before the district court). Thus, Rule 10(e) does not allow this Court to "supplement the record for appeal with material that was not considered by the district court." *A.C.L.U. of Fla., Inc. v. Dixie Cnty., Fla.*, 828 F. Supp. 1307, 1308 (N.D. Fla. 2011).

Here, Perry requests that a newspaper article discussing his arrest in 1991 be forwarded to the Court of Appeals. (Doc. 464). The Court did not review or rely on this evidence, to the extent it can be considered evidence, in its disposition of Perry's Motion to Quash or Dismiss Indictment (Doc. 436), Motion for Default Judgment (Doc. 441), Motion for Enlargement of Time (Doc. 446), Motion to Amend and Supplement Motion to Quash Indictment (Doc. 448), and Motion to Dismiss Indictment (Doc. 449), which Perry now appeals. Thus, to grant Perry's request would add evidence to the Record that was not reviewed or considered by this Court. And Perry may not use Rule 10(e) to introduce new evidence to the Record for the appellate court. *Smith*, 493 F.2d at 907.

As such, Perry's request (Doc. 464), construed as a motion to supplement the record on appeal, is **DENIED**.

**SO ORDERED**, this 4th day of May 2026.

> /s/ W. Louis Sands
> **W. LOUIS SANDS, SR. JUDGE**
> **UNITED STATES DISTRICT COURT**

2